## HENRY V. ALLEN.

1. PRACTICE IN SUPREME COURT: *Finding of jury.*

   When all the facts are fairly submitted to a jury under proper instructions, the Supreme Court will not disturb the verdict.

2. .EVIDENCE: *Admissibility of unsigned instrument.*

   In an action to recover a balance, alleged to be due on a parol contract for building certain houses, the answer denied the contract as stated by the plaintiffs, and they offered in evidence an instrument, written by the defendant, purporting to set out the terms and conditions of the contract, but which was not signed by the defendant otherwise than the writing of his name in the body of the paper, as one of the parties contracting to pay the plaintiffs for the buildings. *Held:* That such writing had a direct bearing upon the matter in issue, and was properly admitted in evidence.

APPEAL from *Miller* Circuit Court.
E. F. FRIEDELL, Special Judge.

*U. M. & G. B. Rose* for appellant.

The court below erred in permitting the appellees to read to the jury the written agreement between themselves and Smith and Hunt. This was not the contract of the appellant, and the suit was not based on it. *Mansf. Dig., sec. 5063.*

Neither could it be used before the jury unless the witness had said that he did not remember what the contract was without referring to the paper. *Kelsea v. Fletcher, 48 N. H., 282; Paine v. Sherwood, 19 Minn., 315; Wood's Evidence, sec. 134; Vicksburg Ry. Co. v. O'Brien, 7 Sup. Ct. Rep., 118.*

The first instruction was erroneous, because the jury were the sole judges of the weight of the testimony. *Shinn v. Tucker, 37 Ark., 590.*

The third was erroneous, because the jury was not bound to find the exact amount claimed by the appellees, if they found for them at all.

*Scott & Jones* for appellees.

The writing was admissible to show that a contract was made, and what its terms were. *34 Ark., 275; 13 id., 51; 7 Cowan, 334; 7 Ark., 321.*

The instructions were not excepted to.

SANDERS, Special Judge. H. J. Allen & Bros. sued Frank M. Henry in the Miller Circuit Court for an alleged balance due on a contract for the erection of a block of brick buildings in Queen City, Texas.

The complaint set out the contract and cause of action as resting in parol. The defendant answered, denying the contract as stated by plaintiffs, and averred that he was jointly interested in the contract to build the houses with Allen Bros.,

and that the contract, though made in the name of Allen Bros., was for his benefit as one of the partners to perform the work, though one of the houses was to be erected for him.

**1. PRACTICE:** Finding of jury. Whatever of truth there may be in the contention of the appellant as to this anomalous position occupied by him, the facts were all fairly submitted to the jury under proper instructions from the court, and this court, under well-established principles, will not disturb the conclusions of the jury. *Hill v. Fellows, 25 Ark., 11; Carroll v. Bowler, 40 Ark., 168.*

**2. EVIDENCE:** Unsigned instrument. During the progress of the trial, what appears to have been an unexecuted written contract between the plaintiffs, Allen & Bros., and the parties interested in the buildings as owners, purporting to set out the terms and conditions of the contract, was offered in evidence by the appellees. The appellant objected, and over his objections the court permitted the introduction of this instrument as evidence. This objection and exception of the appellant was carried into the motion for new trial, and is urged before this court as grounds for reversal of the judgment.

It was admitted on trial that this contract was written by the appellant himself, and his name appears in the body of the instrument as one of the parties contracting to pay Allen & Bros. for the buildings; it was signed by Allen & Bros. and also by two of the parties contracting to have said work performed, but not signed by the appellant otherwise than the signature or name in the body of the instrument, and there was no proof as to its complete execution by delivery and acceptance of the parties.

The question at issue was, whether the appellant, Henry, had contracted jointly with others to pay the appellees, Allen & Bros., for the buildings erected as stated in the complaint, or whether he was one of the parties contracting to do the work, and build the houses as set up in his answer:

It was admitted that the appellant drew the instrument, and its object and purpose was necessarily to set out the subject matter of the contract, the contracting parties and their relations to each other, in the contract. As evidence, its bearing was directly upon the issue involved, and was a statement in writing of the fact at issue made at the time, and on the subject in dispute, by the parties contracting, and was properly given in evidence to the jury.

We find no error in the instructions of the court, and the judgment is in all things affirmed.

BATTLE, J., did not sit in this case.